UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID RENDER,                       :
                                    :   NO. 1:10-CV-629
        Petitioner,                 :
                                    :
    v.                              :
                                    :   **OPINION AND ORDER**
WARDEN, SOUTHERN OHIO               :
CORRECTIONAL FACILITY,              :
                                    :
        Respondent.                 :
                                    :

       This matter is before the Court on the Magistrate Judge's June 29, 2011 Report and Recommendation (doc. 25), Respondent's objections (doc. 32), and Petitioner's objections (doc. 33). Also before the Court are Petitioner's Motion to Stay Proceedings Pending Appeal (doc. 34), Petitioner's Notice of Correction (doc. 35), and Respondent's Objection to the Motion to Stay (doc. 36). Finally, the Court has also reviewed Petitioner's Motion to Amend/Correct his Petition (doc. 38), Respondent's Response in Opposition (doc. 39), and Petitioner's Reply (doc. 40). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation as to Grounds One to Three and Five to Seven, and thus DENIES Petitioner's Petition on such grounds WITH PREJUDICE (doc. 5). However, the Court DECLINES to certify to the Ohio Supreme Court the double jeopardy question presented in Ground Four. The Court further DENIES Petitioner's Motion to Stay (doc. 36), and his Motion to Amend/Correct (doc. 38).

## I. BACKGROUND

On July 1, 2005, the Hamilton County, Ohio, Grand Jury returned a four-count indictment charging Petitioner with one count of resisting arrest in violation of Ohio Rev. Code § 2921.33(C)(2), two counts of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A), and one count of carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A) (doc. 25).

The Magistrate Judge provided a thorough review of the facts and the procedural posture of this matter, which the Court incorporates by reference and will not reiterate here. Essentially, after being arrested and indicted, Petitioner entered a plea of no contest to all charges. Upon finding Petitioner had "made a knowing, intelligent and voluntary waiver" of his constitutional rights, the trial court accepted Petitioner's no-contest plea and found petitioner guilty as charged.

On April 27, 2006, the court sentenced Petitioner to an aggregate prison term of eight years. Specifically, Petitioner was sentenced to concurrent prison terms of eighteen (18) months for resisting arrest, five (5) years for each weapons-under-disability offense, and eighteen (18) months for carrying a concealed weapon; he also was sentenced to a three (3) year prison term on the firearm specification attached to the resisting-arrest count, which was to be served consecutively to the sentence imposed for the underlying offense.

Petitioner appealed his conviction to the First District

Court of Appeals claiming the trial court erred to the prejudice of Defendant-Appellant by not granting his motions to suppress, by finding him guilty of resisting arrest, and by sentencing him on both "having weapons under disability" counts.

The Ohio Court of Appeals overruled Petitioner's assignments of error and affirmed the trial court's judgment. One judge dissented from the majority concerning petitioner's separate convictions on two counts of having weapons under disability.

Petitioner filed a pro se notice of appeal to the Ohio Supreme Court asserting the same claims of error that had been presented to the Ohio Court of Appeals. The Ohio Supreme Court denied petitioner leave to appeal. Petitioner's subsequent attempts to challenge his sentence also eventually all failed.

Petitioner next filed the instant Petition, in September 2010, alleging seven grounds for relief (doc. 1). On June 28, 2011, the Magistrate Judge issued her Report and Recommendation, concluding the Court should certify the question presented in Ground Four to the Ohio Supreme Court, but should deny the Petition on all of the other asserted grounds (doc. 25). Petitioner filed objections to the R&R concerning Grounds One through Three and Five through Seven (doc. 33). Respondent filed objections, and argues that the double jeopardy claim in Ground Four should not be stayed pending certification of a question to the Ohio Supreme Court (doc. 32). Instead, Respondent requests the petition as to such ground be granted and that the Court order Petitioner returned to the

State Court so that the two weapon-under-disability convictions can be merged (Id.).

On September 1, 2011, Petitioner moved to stay proceedings pending appeal, claiming he has appealable issues yet to be resolved at the state level (doc. 34). Respondent opposes this motion, explaining that Petitioner does not, however, meet the legal requirements for a stay as his grounds for relief have all been exhausted (doc. 36).

On April 3, 2012, Petitioner moved to amend his habeas petition in order "to conform to the procedural requirements mentioned in the Writ of habeas corpus and add [an evidentiary claim based on <u>Brady v. Maryland</u> 373 U.S. 83 (1963)]" to his petition (doc. 38). Respondent opposes this motion, explaining that not only has Petitioner not shown good cause for this proposed amendment, but that the claim Petitioner seeks to add is procedurally defaulted (doc. 39).

This case is now ripe for decision.

**II. LEGAL STANDARD**

Any dispositive report and recommendation by a magistrate judge is subject to <u>de novo</u> review "of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Tubble v. Seabold</u>, 806 F.2d 87, 92 (6th Cir. 1986); 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant

a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Ordinarily, a state prisoner must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all their claims to the state courts. 28 U.S.C. § 2254(b), (c); Rhines v. Weber, 544 U.S. 269, 274 (2005); Wilson v. Mitchell, 498 F.3d 491, 498 (6th Cir. 2007). Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving the state a full and fair opportunity to rule on the petitioner's claims before he seeks relief in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Wilson, 498 F.3d at 498-499; Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004).

Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented." Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). The Sixth Circuit has identified four actions that a

-5-

petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal basis for his claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005)(quoting McCeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000).

**III. ANALYSIS**

**A. The Fourth Amendment Claim in Ground One is Barred From Federal Habeas Review.**

In Ground One of the petition, Petitioner alleges that he is entitled to habeas relief because the trial court erred in refusing to suppress evidence that was seized when he was stopped by the police without "reasonable suspicion or probable cause," in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. In the return of writ filed in response to the petition, Respondent contends that the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), precludes federal habeas review of petitioner's claim stemming from the denial of his suppression motion and the state court's adjudication of the Fourth Amendment issues raised in that motion (doc. 14).

In her Report and Recommendation, the Magistrate Judge rejects Petitioner's claim as to Ground One, concluding it is

barred from review under the Supreme Court's <u>Stone</u> decision. The Magistrate Judge found that federal habeas review of Ground One is prohibited because Petitioner was provided a full and fair opportunity in the state courts to litigate the claim, and the presentation of the claim was not thwarted by any failure of the State's corrective process (doc. 25).

Having reviewed this claim <u>de</u> <u>novo</u> this Court agrees with the Magistrate Judge's assessment that Petitioner was provided a full and fair opportunity in the state courts to litigate his Fourth Amendment claim and the presentation of the claim was not thwarted by any failure of the State's corrective process.

**B. The Claim in Ground Two, Alleging that Petitioner's Statements To The Police Were Obtained in Violation of Petitioner's Fifth Amendment Rights Lacks Merit.**

In Ground Two of the petition, Petitioner alleges that he is entitled to habeas relief because the trial court should have suppressed statements he made to the police "under duress" after he was shot, which were obtained in violation of his Fifth Amendment Rights (doc. 5). The Magistrate Judge explains, that under 28 U.S.C. § 2254(e)(1), Petitioner bears the burden of rebutting the presumption of correctness to be accorded the state court's factual determinations with clear and convincing evidence (doc. 25). The only evidence that Petitioner has presented to contradict the state court's findings is his own self-interested contradictory account of his police interrogation (Id.). Such testimony is insufficent to constitute "clear and convincing evidence" rebutting the trial

-7-

court's assessment of the witnesses' credibility in favor of Officer Miller (Id.).

For this reason, this Court accepts the Magistrate Judge's conclusion and finds that Petitioner is not entitled to habeas relief based on the claim alleged in Ground Two of the petition challenging the denial of his suppression motion on Fifth Amendment grounds.

**C. Petitioner Waived the Claim in Ground Three When He Knowingly and Voluntarily Entered a No-Contest Plea.**

In Ground Three of the amended petition, Petitioner claims that his conviction and sentence for resisting arrest cannot stand because the evidence is insufficient to support the criminal charge (doc. 5). Respondent argues in the return of writ that Petitioner waived the claim of error when he entered his plea of no contest to the count as charged in the indictment (doc. 14).

This Court agrees with Respondent's argument. By forfeiting his right to a jury trial as well as his rights to confront adverse witnesses and to present evidence in his defense, Petitioner waived any objection to the sufficiency of the evidence. See Post v. Bradshaw, 621 F.3d 406, 426-427 (6th Cir. 2010). This Court affirms the Magistrate Judge's conclusion regarding Ground Three and finds that Petitioner is not entitled to habeas relief based on the claim alleged in Ground Three of the petition challenging the sufficiency of evidence supporting his conviction for resisting arrest.

**D. The Ineffective Assistance of Appellate Counsel Claims Alleged in Grounds Five Through Seven of the Amended Petition Lack Merit.**

In Grounds Five through Seven of the amended petition, Petitioner alleges that his appellate counsel was ineffective because she did not assert three ineffective assistance of trial counsel claims as assignments of error on direct appeal (doc. 5). However, a writ of habeas corpus may not issue with respect to petitioner's ineffective assistance of appellate counsel claims, which were adjudicated on the merits by the state courts, unless the state court's adjudication "either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. . . or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The state appellate court correctly identified and reasonably applied the clearly established two-part standard of review enunciated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To establish a violation of federal law, petitioner must demonstrate both (1) his attorney on direct appeal made such serious errors that his attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense. <u>Id</u>. at 687.

This Court agrees with the Magistrate Judge's opinion that: (1) The state appellate court was reasonable in determining

both that Petitioner's trial counsel acted well within the wide range of reasonable professional assistance in counseling Petitioner to enter a no-contest plea to the charges and that his appellate counsel was not deficient in failing to raise a claim on direct appeal challenging trial counsel's conduct in that matter; and (2) Petitioner has not demonstrated that his trial counsel acted unreasonably in advising him to plead no contest to those charges, or that his appellate counsel was ineffective in failing to raise an ineffective assistance of trial counsel claim on direct appeal based on such conduct. Finally the Court agrees that, (3) Petitioner has not demonstrated that his trial or appellate counsel was ineffective in failing to raise a Blakely/Foster claim challenging the sentence that was imposed (doc. 25).

**E. A Conditional Writ of Habeas Corpus in Regards to Ground Four of his Amended Complaint is Granted to Petitioner.**

In Ground Four of the petition, Petitioner alleges that he was punished multiple times for the same offense in violation of the Fifth Amendment's Double Jeopardy Clause when the trial court failed to merge the two weapons-under-disability counts for sentencing purposes in accordance with Ohio's multiple-count statute.

In the Report and Recommendation, the Magistrate Judge has recommended this issue be certified to the Ohio Supreme Court because:

> Ohio Rev. Code § 2941.25, as interpreted by the Ohio Supreme Court in [State v. Rance, 710 N.E.2d 699 (Ohio 1999)], could be reasonably construed at the time

> petitioner's conviction became final in 2007 as permitting a "strict textual comparison" of the elements and a finding that the two weapons-under-disability charges brought against petitioner are of dissimilar import and thus not subject to merger under the allied offense statute; or whether, conversely, at the time petitioner's conviction became final in 2007, the proper construction of Ohio Rev. Code § 2941.25 required a finding that the two offenses are of similar import in accordance with the subsequent clarification in [State v. Cabrales, 886 N.E.2d 181 (Ohio 2008)] of the Rance "abstract elements comparison test," as well as. . .ensuing [Ohio Supreme Court] decisions.

However, in Respondent's objection, Respondent clearly and accurately explains that justice will be best served in this case by granting a writ of habeas corpus to Petitioner on Ground Four (doc. 32). Because the question "seeks to clarify the application of [Rance]" and Rance has since been overruled by the Ohio Supreme Court in 2010, the resolution of the question to be certified would shed no light on the fate of other defendants because of the unique factors in this case (including the timing of the decision).

Here, Respondent is objecting to the R&R only to ask the court grant the writ (doc. 32). Respondent concedes that "conviction and sentencing for both counts. . . presents a federal double jeopardy violation" and that Petitioner "should be granted habeas relief on the double-jeopardy question." Id. This Court accepts Respondent's position that because the two convictions were to run concurrently the length of Petitioner's total term of incarceration remains the same. Also, this Court agrees with Respondent that resolution of the question proposed for certification would shed no light on the fate of other Ohio

-11-

defendants facing the same dilemma as Petitioner because the test in <u>Rance</u> is no longer used and any analysis given by the Ohio Supreme Court on this issue could only reasonably be used as applied to the facts of this case (<u>Id</u>.). Certifying this question would therefore not be a prudential use of judicial resources, especially considering both Petitioner and Respondent agree a writ should be granted to Petitioner on this issue.

Because of these factors, this Court therefore grants the writ of habeas corpus to the Petitioner and orders this matter returned to the state court so that the two weapon under disability convictions can be merged.

**IV. Petitioner's Objections to the R&R**

Petitioner, in his objection to the Report and Recommendation, reiterates his claims, but makes no new legal analysis nor does he proffer any new legal argument based on anything detailed in the Report and Recommendation (doc. 33). As explained by the Magistrate Judge in the Report and Recommendation, the inquiry is "not meant to be a case by case review of state court determinations," but rather "is a review of whether the state provided an adequate mechanism to address Petitioner's. . . claims." (doc. 25). This Court finds that the state provided an adequate mechanism in addressing Petitioner's claims, that did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor that (2)

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore this Court overrules Petitioner's objections to the Report and Recommendation concerning Grounds One through Three and Five through Seven.

**V. MOTION TO STAY PROCEEDINGS**

On September 1, 2011, Petitioner moved to stay proceedings pending appeal (doc. 34). However, as Respondent accurately explains in its opposition to the motion, stays are "limited to unexhausted - yet potentially meritorious - claims." (doc. 36).

Petitioner has not submitted any unexhausted claims, and the R&R did not find any of Petitioner's claims relevant to the petition unexhausted (doc. 25, doc. 36). Therefore this Court DENIES the Petitioner's motion to stay proceedings pending appeal.

**VI. MOTION TO AMEND**

On April 3, 2012, Petitioner moved for leave to amend his petition (doc. 38). Respondent opposes this motion because Petitioner has procedurally defaulted on the <u>Brady</u> claim he wished to add to his petition, and that "although [Petitioner] bears the burden of doing so, [he] has shown neither cause and prejudice nor a miscarriage of justice as would excuse the procedural default" (doc. 39).

This Court finds that Petitioner provides no viable reason justifying amendment of his petition at this time and has

given no justification why the claim he seeks to add should not be procedurally defaulted.

**VII. CONCLUSION**

Having reviewed this matter de novo the Court finds the Magistrate Judge's Report and Recommendation as to Grounds One through Three and Five through Seven thorough, well-reasoned, and correct. Accordingly the Court ADOPTS and AFFIRMS such Report and Recommendation (doc. 25) as to such grounds. As such, the petition for writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254, as amended (docs. 5, 18), is DENIED with prejudice, except for Ground Four of the Petition (doc. 5). The Court GRANTS a conditional writ of habeas corpus as to Ground Four and DIRECTS the Clerk to remand this matter to the Hamilton County, Ohio, Court of Common Pleas for further proceedings consistent with this decision. The Court further DENIES Petitioner's Motion to Stay (doc. 36), and his Motion to Amend/Correct (doc. 38).

The Court DECLINES to issue a certificate of appealability with respect to the claims alleged in Grounds One through Three of the petition and Grounds Five through Seven of the amended petition, as there is an absence of a substantial showing that Petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." See Slack v. McDaniel, 529 U.S. 473, 475 (2000)(citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)); see also 28 U.S.C. § 2253(c); Fed.R.App. P.

22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, this Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order adopting the Report and Recommendation to deny with prejudice any claims for relief, except Ground Four, would not be taken in "good faith," and therefore, this Court DENIES petitioner leave to appeal in forma pauperis with respect to those claims upon any showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: August 22, 2012          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge